# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

LOTUS JUSTICE,

                Plaintiff,       :       Case No. 2:22-cv-2193

                                          District Judge Sarah D. Morrison

-   vs   -                                        Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

                Defendants.      :

## REPORT AND RECOMMENDATION

This case is before the Court on Petitioner Lotus Justice's "Petition for Waiver of Fees in the Filing in the cause of action upon the bar/BAR in Equity" (ECF No. 1).

Under 28 U.S.C. § 1914, the Clerk is required to collect an initial filing fee upon institution of any civil action; that fee is currently set by the Judicial Conference of the United States at $402.00(except habeas corpus).  28 U.S.C. 1915(b) permits a prisoner[1] to pay that filing fee in installments on court permission after review of the prisoner's financial status. Petitioner did not pay the filing fee upon filing this action, nor did she submit the required affidavit and trust account statement showing she is unable to pay.

---

[1] Petitioner is a prisoner within the meaning of the statute.  She is awaiting trial on felonious assault charges in the Franklin County Court of Common Pleas.

1

Instead, Petitioner claims the right to proceed without payment of any fee as a priority creditor in bankruptcy of "Monica G. Justice" under the Nelson Act on whose behalf she purports to appear. That Act was passed by Congress in 1905 and established a separate system of education for Alaska Natives, giving the Bureau of Indian Affairs nearly exclusive control over Alaska Native education until well after Alaska Statehood on January 3, 1959. Petitioner offers no explanation of how the Nelson Act provides her with the privilege of filing without payment of the filing fee and the Magistrate Judge has been unable to find any such connection.

Alternatively, Petitioner claims that as a "living, breathing wo/man of the land s/he is entitled to free access not only to the principal departments established at Washington, but also to its judicial tribunals and public offices in every State of the Union." (Petition, ECF No. 1, PageID 2), citing *Crandall v. Nevada,* 73 U.S. 35 (1867).

In *Crandall* the Supreme Court found unconstitutional a capitation tax levied on persons leaving the State of Nevada by a means of transportation in the business of carrying passengers for hire. Such a tax was held liable to invade the power of Congress to regulate interstate commerce if Congress acted in this area. Since it had not, the tax did not offend the commerce power. However, it did impinge on the privilege of interstate travel to approach the departments of government.

The language on which Petitioner relies is drawn from this latter portion of the opinion. Assuming that *Crandall* is still good law, it has not been held to exempt citizens from paying fees designed to pay a portion of the costs of a particular government service. Filing fees in federal courts are precisely that. As such, they impose a cost on persons who would consume government services, such as adjudication of disputes. 28 U.S.C. § 1915A expressly recognizes this interest of the United States and requires the dismissal of cases found to be frivolously or maliciously

filed[2]. For another controversial example, when Congress agreed to electronic filing in the federal courts, it required the courts to collect sufficient fees for public access to the system to pay for the access; despite the complaints of those who believe all government documents should be available for free, the PACER system has been upheld.

Because Petitioner has neither paid the required filing fee nor sought or received permission to proceed *in forma pauperis*, it is respectfully recommended that this action be dismissed without prejudice unless Petitioner pays the filing fee or receives permission to proceed *in forma pauperis* within thirty days of adoption of this Report.

May 23, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

---

[2] This citation expresses no opinion on the merits of this case. It is made merely to illustrate the proposition that not all government services are available for free.